[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 14, 1987, the parties agreed that Plaintiffs would pay Defendant $2,080.00 to "pull up particle board and install proper 3/4 inch tongue and groove plywood in F.R., Hall, 2 Bedrooms" in a former garage which is now a family room in Plaintiffs' home.
The Plaintiffs' were not pleased with the work and after receiving no satisfaction from the Defendant instituted this action in July, 1988. Thereafter, plaintiffs had the work redone in a more extensive undertaking in September of 1990 at a total cost of $3,085.87.
Judith Schwarzenberg and Richard Schwarzenberg, plaintiffs, Joseph Marus, President of North Atlantic Construction, who did the second job, and Ed Coyne of Coyne's Carpet, Inc. testified for the Plaintiffs. Paul Bresnahan and Anita Bresnahan, co-owners, testified for the defendant, Paul Bresnahan, d/b/a Paul's Carpet Store.
The court has carefully considered all of the evidence presented by the witnesses and the nine exhibits admitted into evidence by the Plaintiffs. The court has further observed all of the witnesses as they testified and has noted their demeanor, expressions, interest in the matter, bias, candor, sincerity and the other indices of truthfulness and credibility.
Based upon all of the foregoing, the court finds as follows.
The Plaintiffs in fact only paid the Defendant $1840 because some bathroom work was not done as originally contemplated by the parties. The defendant breached the CT Page 1293 agreement in that he did not install "proper 3/4 inch tongue and groove plywood" in accordance with the contract.
On the second job of September, 1990, the Plaintiffs paid Coynes Carpet, Inc. $554.45 for padding and installation and North Atlantic Construction Co. Inc. $2,531.42 for labor and materials. The Plaintiffs are not entitled to recover the $554.45 paid for padding as it was not reasonably contemplated in the first transaction. The Plaintiffs are not entitled to recover the entire $2,531.42 they paid for the second job which obviously encompassed far more extensive work and materials. The Defendant is further entitled to a credit for some of the materials originally furnished which were reused in the second job. The evidence presented in this area was sparse. Coyne's Carpet Bill reflects 69 sq. yards of padding were purchased. This would indicate to the court approximately 621 sq. feet or about nineteen sheets of 4' x 8' plywood for full coverage which there was not.
Judgment may enter for the Plaintiffs in the amount of $1,500.00 plus costs. This represents the $1840 paid to the Defendant less a credit to the Defendant of $340.00 for materials he furnished which did not have to be purchased again for the second job.
BALLEN, JUDGE